Matthew M. Levy, J.
This is an application by defendant for a certificate of reasonable doubt, pursuant to sections 527 and 529 of the Code of Criminal Procedure, and for bail pending appeal. He was convicted on November 7, 1957 in the Court of Deneral Sessions, New York County, after a three-week trial, of the crimes of grand larceny in the first degree (25 counts) and forgery in the second degree (4 counts) and sentenced to a term of not less than two years nor more than four years in State prison. In evaluating the merits of this application, “ The issue before me is, of course, not the innocence of the defendant, or even his guilt beyond a reasonable doubt. Nor is it necessary that I be convinced that there will be a reversal on appeal. It is sufficient that in my opinion there is reasonable doubt whether the judgment should stand, that is, that I be satisfied that there *719 is presented an arguable, substantial question as to claimed error, which question ought in law and justice be settled by the appellate tribunal before incarceration in pursuance of the sentence. ’ ’ (People v. Muller, N. Y. L. J., July 27, 1953, p. 145, col. 8.)
Defendant argues that (1) he was deprived of his constitutional right to a speedy trial; (2) the court erred, in violation of the provisions of section 1290-a of the Penal Law in allowing proof of false pretenses; (3) the court erred in instructing the jury with respect to the uttering of a forged document; (4) the court erred in failing to instruct the jury as to the law applicable to accomplices; (5) the court erred in preventing the jury from considering whether or not a debtor-creditor relationship, rather than a larceny, was established by the evidence. While defendant thus poses several questions, I shall discuss here only two of them.
The first is that the trial court erred in refusing to charge the jury as to the law applicable to accomplices, in that Mathur, one of the People’s principal witnesses, was an accomplice as a matter of law; or at the least, whether he was an accomplice or not, presented a question of fact which should have been submitted to the jury. Defendant points out that the prosecution was aware of Mathur’s position, in that in his opening address and in summation, the District Attorney acknowledged the scheme by three men (defendant, Mathur, and one Singh) to steal the $280,000 from Man Radio and Electricals, Ltd., an Indian corporation, and that if “ Von Oseh [the defendant] hadn’t beaten them to it and swiped it all, then Mathur might well be a defendant before you. ’ ’ Defendant’s argument is to the effect that the evidence discloses that Mathur was the guiding force and an active participant in the scheme to steal the money, that Mathur’s status as an accomplice was expressly revealed in letters he sent to defendant demanding his share of the moneys and to “ stand by your words and gentlemen’s agreement between us,” and that Mathur openly admitted on cross-examination that the distribution of the surplus moneys involved in this prosecution was to be made amongst the defendant, Singh and himself, unknown to Man Radio.
In response, the People concede that Mathur probably joined with defendant and Singh in the scheme to steal the money, but argue that the larceny which occurred when defendant appropriated the money for his own use and for which he was tried and convicted was not part of the scheme, that this larceny was a wholly independent crime, and that, therefore, the Trial *720 Judge properly declined to charge that Mathur was an accomplice. On the state of this record, it is my view that the appellate tribunal may very well hold that the evidence permits the inference that a conspiracy existed between Mathur, Singh and defendant to commit the theft here involved, and that Mathur was an accomplice to the larceny committed by the co-conspirator, defendant Yon Cseh; or at least, that whether or not Mathur was such an accomplice was a question of fact for the jury to determine. (People v. Katz, 209 N. Y. 311, 332; People v. Clougher, 246 N. Y. 106, 111; People v. Felber, 264 App. Div. 181, 185.)
The second question, which, in my view, warrants consideration by the appellate court, is one which involves the application of section 1290-a of the Penal Law. Keeping in mind the opinions — -majority and minority- — of the Court of Appeals in People v. Lobel (298 N. Y. 243) this section was amended in 1950 to read as follows: ‘ ‘ If, however, the defendant made use of any false or fraudulent representation or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representation or pretense, and it shall be immaterial whether the theft may have been previously denominated common law larceny by asportation, common law larceny by trick and device, obtaining property by false pretenses or embezzlement. ”
The present indictment did not allege false pretenses. The trial court nevertheless permitted into evidence many exhibits and extensive testimony on the subject of false pretenses over objection and exception by defendant (cf. People v. Ercole, 308 N. Y. 425; People v. Ramistella, 306 N. Y. 379, 385). The prosecution’s theory of the admission of such evidence (and adopted by the Trial Judge) was in substance that it went to the background of the establishment and existence of the fund which was alleged to have been stolen by defendant. Whether, in the light of the history and language of section 1290-a, as revised, this was permissible, is a legal question which is raised by defendant as reversible error, and merits appellate consideration.
Since I am satisfied that serious legal issues have been presented, the motion is granted. Settle order, on one day’s notice, providing for the release of defendant upon furnishing bail in an amount to be fixed, suggestions to be submitted with the proposed order.