Arnold L. Fein, J.
This application by defendant Cohen for a certificate of reasonable doubt (Code Crim. Pro., §§ 527 and 529), made after September 1, 1971, is deemed to be an application for a “ stay of judgment pending appeal to intermediate appellate court,” pursuant to section 460.50 of the CPL (eff. Sept. 1,1971) and for fixation of bail pending appeal. Defendant pleaded guilty on September 8,1971, before Mr. Justice Grumet, Supreme Court, New York County, and was duly sentenced on that day to a term of six months, to be served at the New York *967 City Correctional Facility at Biker’s Island. Defendant is free on bail, as he has been since his arraignment.
Although defendant pleaded guilty, an appeal is sanctioned by subdivision 2 of section 710.70 of the CPL: “ An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty. ’ ’
Defendant’s appeal is premised on a challenge to the denial of the motion to suppress. Armed with a search warrant, the police went to the apartment of codefendant Surretsky, and after exhibiting the warrant, were admitted by defendant Cohen. The police then conducted a search and arrested Cohen for possession of a loaded gun. He and the other defendants were indicted for violation of sections 265.05, 220.05, 260.10 and 235.05 of the Penal Law. Defendant Cohen’s plea of guilty was to one count in satisfaction of all counts against him.
Defendants had previously moved before me for the suppression of the evidence seized following the execution of the warrant. The motion to suppress was duly denied by decision and order dated October 5, 1970. (N. Y. L. J., Oct. 15, 1970, p. 18, col. 8.) Defendant contends, as he did on the motion to suppress, that the search warrant was defective on its face and was issued on the basis of an affidavit insufficient on its face. Although I held, after due deliberation, that the affidavit and warrant were sufficient, the issue is not free from doubt.
Under the prior statute (Code Grim. Pro., §§ 527 and 529), on an application for a certificate of reasonable doubt, the issue was not whether 1 ‘ there will be a reversal on appeal, but rather * * * whether * * * there is presented an arguable substantial question as to claimed error which, in justice, should be decided by the Appellate Tribunal.” (People v. Brod, 203 N. Y. S. 2d 947, 948; People v. Von Cseh, 9 Misc 2d 718; People v. Hines, 12 N. Y. S. 2d 454).
The new Criminal Procedure Law does not change this rule; it shifts the emphasis to the question of bail.
As indicated in Professor Denzer’s Practice Commentary, section 460.50 of the CPL does not postulate any criteria for issuance of a stay. It ‘1 cursorily provides for discretionary stay orders accompanied by discretionary orders of bail ’ ’. (CPL 460.50, McKinney’s Cons. Laws of N. Y., Book 11A Part 2, p. 429). As noted in the Commentary, the criteria for bail are set forth in paragraph (b) of subdivision 2 of section 510.30 of the CPL: ‘ ‘ Where the principal is a defendant-appellant in a pending appeal from a judgment of conviction, the court must also consider the likelihood of ultimate reversal of the judgment. *968 A determination that the appeal is palpably without merit alone justifies, but does not require, a denial of the application, regardless of any determination made with respect to the factors specified in paragraph (a).”
The factors specified in paragraph (a) are the factors to be considered on any bail application. Although I obviously must doubt that there is a likelihood of ultimate reversal, I cannot say that the appeal is “palpably without merit. ” Even if I believed the appeal to be without merit, there would still be a manifest danger of injustice to the defendant if I were to deny the application.
All or a substantial portion of the sentence may be served, before the Appellate Division has an opportunity to review my decision and order denying suppression. Had I found the affidavit insufficient and the warrant defective, and granted the motion to suppress, it is hardly likely that defendant would have pleaded guilty. To deny the application would seriously water down or even make completely meaningless in any real sense defendant’s right to appeal. Where possible, a defendant should not be compelled to serve a prison sentence where there is any question whether the conviction may be reversed for error at the trial level. It is unnecessary to emphasize the obvious, that success on appeal is no recompense to one who has served all or part of his sentence. Despite the caveat in section 510.30 (subd. 2, par. [b]) of the CPL, the real issue on such an application is whether defendant should be admitted to bail pending appeal.
Beading CPL 460.50, 510.30 and 710.70 and the Commentaries together it must be concluded that the tests are:
(1) Is there an arguable issue of some merit which in justice should be reviewed on appeal?
(2) Do the bail criteria set forth in section 510.30 of the CPL warrant fixation of bail? In considering these factors, in the case of one who has been convicted and sentenced, great weight should be given to the probability that flight is more likely after conviction and sentence than before. Merit or lack of merit of the appeal should not be controlling.
This defendant has been on bail throughout the pendency of this criminal prosecution. He appears to have community roots and is now on bail. The record indicates he is a 41-year-old married man, living in Brooklyn, N.Y., with his wife and two young children, in the same apartment where he has resided for several years. He has attended court on innumerable occasions during the pendency of this prosecution. It is my recollection that he was before me on the days when the motion to *969 suppress was argued. I have not been informed of the bail originally fixed or that fixed by the Justice before whom the defendant pleaded guilty. Such fixation of bail is entitled to serious consideration. The court will entertain suggestions as to the bail to be fixed, on settlement of the order.
Settle order staying execution of the sentence of defendant Cohen pending determination of his appeal and authorizing his release on bail, in an amount to be fixed in the order.