Bernard F. McCaffrey, J.
The defendants were convicted on May 3, 1972, after a nonjury trial, of conspiracy in the first degree to commit the crime of murder, a Class C felony. On *820 June 6, 1972 they were sentenced to an indeterminate sentence of imprisonment, which shall have a maximum period of 12 years. They are now seeking relief, pursuant to CPL 460.50, for an order staying and suspending the execution of the aforementioned judgment and releasing the defendants in their own recognizance, or in the alternative setting bail in such sum as to the court may seem just and proper pending the determination of an appeal to be taken to the Appellate Division, Second Judicial Department.
Although most States have constitutional provisions affording bail as a matter of right, except in capital cases, section 5 of article I of the New York Constitution, which prohibits excessive bail accords no right to bail. (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398.) The United States Supreme Court has also held that the constitutional provisions requiring that bail not be excessive do not grant an absolute right to bail. (Carlson, v. London, 342 U. S. 524, 545.) Further, the mere fact that a defendant has a right to appeal from a verdict does not automatically confer upon him the right to bail. The Legislature may accord the right to appeal to a person convicted of a crime “ Upon such terms as in its wisdom may be deemed proper ”. (McKane v. Hurston, 153 U. S. 684, 687-688.)
The Legislature has by virtue of CPL 530.50 authorized a Judge who is permitted under section 460.50 and section 460,60 to issue an order of recognizance or bail pending the determination of an appeal. Furthermore, it is immaterial that there is no precedent for a Judge of this court to entertain this application in that it concerns a decision rendered by another Justice of this court without a jury (Widlitz, J.), and the People have not cited any statutory or decisional authority to support their contention and the court knows of none, for to the contrary the statute places jurisdiction in this court to pass upon said application. The court thereby has jurisdiction to entertain this motion.
Prior to September, 1971 when CPL 460.50, the basis for the instant application, became effective, the controlling element for a stay was based on a certificate of reasonable doubt in accord with sections 527 and 529 of the then Code of Criminal Procedure. As the law then existed the question was not whether “ there will be reversal on appeal, but rather whether, in the opinion of this Court, there is presented an arguable substantial question as to claimed error which, in justice, should be decided by the Appellate Tribunal.” (People v. Brod, 203 N. Y. S. 2d 947, 948; People v. Hines, 12 N. Y. S. 2d 454). The *821 basis for the above-mentioned action would appear to primarily be existence of error on a substantial question. However, the new law as indicated in Professor Denzer’s Practice Commentary of CPL 460.50 ‘ ‘ shifts the emphasis in the field by regarding the ‘ stay ’ aspect as of relatively minor importance and by treating the whole subject as primarily a bail problem. Thus, without postulating any criteria, the instant section (subd. 1) cursorily provides for discretionary stay orders accompanied by discretionary orders of bail ”. (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 460.50, p. 429.)
As earlier stated, the court may entertain this motion, however, the criteria governing the relief applied for by an appellant-defendant are set forth in CPL 510.30 and more particularly CPL 510.30 (subd. 1, par. [c]) whereby the granting or denial of the relief sought herein is a matter of judicial discretion and the guidelines in the exercise of this discretion are promulgated in CPL 510.30 (subd. 2). Thus, the statute specifically provides that the issuance of an order of recognizance or bail and the terms thereof are matters of discretion rather than law, and the court must consider the kind and degree of control or restriction that is necessary to secure the defendants’ attendance when required. The court has, therefore, taken into consideration the factors and criteria as set forth in CPL 510.30, and has reviewed the trial record, probation reports and character data.
Neither of the parties was able to submit any reported cases relating to the afore-mentioned section of the CPL which became effective September, 1971, except the defendants rely on the Matter of People v. Surretsky (67 Misc 2d 966) which related to the deprivation of a right to appeal if the judgment had not been stayed, as a substantial portion of the sentence therein would have been served before the appeal had been perfected.
Though the defendants, following release in $50,000 bail each, appeared at all phases of the proceedings prior to conviction, the court notes that the laws relating to bail treat unconvicted defendants more liberally than those that have been convicted and are seeking appellate reversal. The court also notes that the Justice, who presided at their trial, had ample opportunity to observe their demeanor, attitude and conduct, following conviction and prior to sentencing, remanded the defendants.
The court further notes that the crime for which the defendants were convicted was conspiracy in the first degree to commit the crime of murder. The intended subject of their conspiracy was defendant Holder’s wife, Joan. The demonstrated *822 passion of defendants for one another, with apparently no limitations, was so overpowering as to motivate them to conspire to murder defendant Holder’s wife in order that they could he together, and there has been no showing to the court that this continuing desire to be together has in any way subsided. Thus, now that Joan Holder is dead, the only apparent obstacle preventing the defendants from being together is an indeterminate term to a maximum of 12 years in prison.
Thus, the court concludes that this is not the type of situation where the defendants’ family and community ties, and their character, reputation and habits are such that would tend to secure their court attendance when required. To the contrary, the court concludes that the probability of flight by the defendants in order to be together, even more than to avoid punishment, is so great that the setting of bail in any amount would not serve to secure defendants’ appearance in any future court proceedings.
The court further notes that as required by CPL 510.30 (subd. 2, par. [b]) the court has considered the likelihood of ultimate reversal of the judgment and concludes that the likelihood of reversal is such as not to warrant the setting of bail for the defendants.
Accordingly, the court denies the application of the defendants.