**UNITED STATES of America ex rel. Faustino CAMERON, Petitioner,**

v.

**PEOPLE OF the STATE OF NEW YORK, Respondent.**

**No. 74 C 1419.**

United States District Court, E. D. New York.

Oct. 16, 1974.

---

Faustino Cameron pro se.

183

## MEMORANDUM ORDER

NEAHER, District Judge.

Petitioner *pro se* seeks relief by writ of habeas corpus to determine his right to be released on bail pending his appeal of a State court conviction. The conviction resulted in a prison term of seven years, which petitioner is now serving. Petitioner's papers disclose that he moved on January 7, 1974 before a Justice of the New York State Supreme Court, Kings County, for an order staying execution of judgment and releasing him either in his own recognizance or on bail. The court on March 6, 1974 denied the stay and refused to set bail and petitioner maintains, in essence, that it was error to refuse to set bail in the circumstances of his case.

█ In order to qualify for habeas corpus relief, petitioner must show an infirmity of constitutional dimension in the State court proceedings. 28 U.S.C. § 2254(a). No such claim is discernible in petitioner's papers.

█ Viewed as a claim arising under the eighth amendment, the petition immediately encounters an insurmountable obstacle. Even assuming *arguendo* that eighth amendment bail rights apply to the states, it has been held that since there is no constitutional right to appeal, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), there is no constitutional right to be free pending appeal. United States ex rel. Collins v. Jozwrak, 315 F.Supp. 188, 190 (E.D. Wis.1970); United States ex rel. Siegal v. Follette, 290 F.Supp. 632, 635 (S.D. N.Y.1968).

Although not constitutionally required, New York has provided for the possibility of bail pending appeal. The relevant statutory provisions are Criminal Procedure Law (CPL) §§ 460.50 and 510.30, McKinney's Consol.Laws, c. 11–A. CPL § 460.50(2)(a) permits a post-conviction application for a stay of execution and the fixing of bail to be made to a justice of either the State Supreme Court or the Appellate Division. Subdi-

vision 3 of § 460.50 limits to one the number of such applications. Section 510.30 establishes guidelines for the court to follow in exercising its discretion concerning a bail application. *See* People v. Holder, 70 Misc.2d 819, 335 N.Y.S.2d 157 (Sup.Ct. Nassau County 1972); People v. Surretsky, 67 Misc.2d 966, 325 N.Y.S.2d 31, 33 (Sup.Ct. N.Y. County 1971).

■ By providing a procedure for the fixing of bail pending appeal, the New York legislature obligated the New York courts to administer it fairly. An arbitrary denial of a right created by a State legislature is a denial of due process. The inquiry, therefore, is whether petitioner in this case has alleged that his rights, as created by the New York legislature, have been capriciously ignored.

■■ At the outset, it must be made clear that not every abuse of discretion rises to the level of a due process violation. If discretion is abused, it is for a State reviewing court to rectify, if review is permissible. It is only when the abuse of discretion is such that it consists of either a total failure to consider an application as required by law or rendering a decision on a ground which infringes on otherwise constitutionally protected areas, *e. g.*, race, religion, that the federal court must intercede and secure due process of law.

Viewed in this light, the defects in the instant petition are patent. The distilled essence of petitioner's grievance is that since he believes his appeal has merit bail should have been fixed. This is clear from the fact that petitioner attached to his petition a copy of the minutes of the argument on his bail application before the State court. The minutes relate the attempt by petitioner's Legal Aid counsel to convince the court of the merits of the application.

■ Thus, petitioner does not allege that he was denied a hearing altogether

or that the adverse decision resulted from some racial or religious bias on the part of the State court. What he seeks is a review of a discretionary decision. If such a review is desirable, it is for the New York legislature, and not this court, to provide therefor. *See* Hamilton v. State of New Mexico, 479 F.2d 343 (10 Cir. 1973).

■ Additionally, petitioner alleges that even though the State court reserved decision after argument on his application, the judge did not even review the trial transcript before reaching a decision. What petitioner fails to note is that likelihood of reversal is only one of eight criteria listed in CPL § 510.-30(2) and the judge may well have concluded that one or several of the other factors was conclusive.[1] In any event, even if it could be proven that the State judge abused discretion by not reviewing the trial transcript, such action certainly does not constitute a violation of fourteenth amendment rights.

The petition is accordingly dismissed. So ordered.

---

1. For example, one factor is a past criminal record and petitioner's attorney acknowledged during the argument that petitioner had a prior misdemeanor conviction.