(February 10, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT KERN, Appellant.—Brown J. Motion by the defendant pursuant to CPL 460.50 for a stay of execution of a judgment of the Supreme Court, Queens County, rendered February 5, 1988, and to release the defendant on his own recognizance, or in the alternative, to fix reasonable bail.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon hearing the attorneys for the respective parties, it is

Ordered that the motion is granted, execution of the judgment is stayed, and bail is set by the giving of an insurance company bail bond in the amount of $300,000 or by depositing the same sum as a cash bail alternative.

The defendant, Scott Kern, who was jointly tried with two codefendants, Jon Lester and Jason Ladone, was convicted of the crimes of manslaughter in the second degree, assault in the first degree and conspiracy in the fifth degree based upon his participation in a brutal racially motivated attack which occurred on December 20, 1986 in the Howard Beach area of Queens. The trial lasted approximately four months, following which the jury deliberated for nearly two weeks. On February 5, 1988, the defendant was sentenced to consecutive indeterminate terms of imprisonment of from 3 to 9 years on the manslaughter count, and 3 to 9 years on the assault count, and to a definite one-year term of imprisonment on the conspiracy count, to run concurrently with the other two sentences. The defendant, who had been at liberty both during the course of the trial and following verdict pursuant to an order of this court, dated March 12, 1987, setting bail in the amount of $150,000, was remanded upon the imposition of sentence by the Trial Justice. He now makes this application pursuant to CPL 460.50 for an order staying the execution of the judgment of conviction pending appeal and releasing him on bail or upon his own recognizance.

When an order pursuant to CPL 460.50 is sought as a matter of judicial discretion, the concern of the Judge or Justice to whom the application is made is to insure that the defendant will remain amenable to the order of the court determining the appeal (see, CPL 460.50). The criteria upon which such an application is to be decided are set forth in CPL 510.30 (2) (a) and (b). Those criteria include the defendant's character, reputation, habits and mental condition; his employment and financial resources; his family ties and the length of his residence in the community; his previous criminal record, if any; his previous record, if any, in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and the merit or lack of merit of the appeal and the sentence which has been imposed (CPL 510.30 [2] [a] [i]-[iii]). Also to be considered is the likelihood of ultimate reversal of the judgment (see, CPL 510.30 [2] [b]). While a determination that the appeal is palpably without merit alone justifies a denial of the application, it does not, in and of itself, require such denial (CPL 510.30 [2] [b]). Even though the statute recognizes that a convicted defendant is in a different position than one awaiting trial, the issue—regardless of whether recognizance or bail is sought in an ongoing criminal action or pending appeal from a judgment of conviction therein—is that of securing the defendant's future court attendance when required (see, People v Surretsky, 67 Misc 2d 966; People v Holder, 70 Misc 2d 819, affd 45 AD2d 820; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 510.30, at 22).

In the instant case, the defendant urges in support of his application both that his appeal is meritorious and that an order staying the judgment of conviction and releasing him upon his own recognizance or on bail will satisfactorily secure his attendance in the court which rendered the judgment upon the determination of his appeal.

With respect to the merits of the appeal, the defendant urges six errors of law which are alleged to have occurred during the trial and has also reserved the right of appellate counsel to raise additional issues following a review of the some 7,000-page record herein. Among the issues raised is one of first impression in this State, to wit, the defendant's claim that the trial court erred in requiring his counsel to set forth nonracial reasons for the exercise of his peremptory jury challenges during jury selection in violation of his Sixth Amendment right to an impartial jury (see, US Const 6th Amend; CPL 270.25 [1]; cf., Batson v Kentucky, 476 US 79).

Without, in any respect, passing upon the points raised by the defendant or suggesting the outcome of his appeal, it cannot be said that they are frivolous or palpably without merit. Nor are they characterized as such by the Special Prosecutor.

With regard to the other criteria to be considered on the application, it appears that the defendant is a 19-year-old high school student with no prior criminal or juvenile record. He is the product of an intact, stable family which has resided in the Howard Beach community for 15 years. His father has been steadily employed by Con Edison for approximately 25 years, his mother is a homemaker and his siblings, two older brothers and a younger sister, all of whom reside at home, have never been involved with the criminal justice system. There is no indication of drug or alcohol abuse by the defendant. While the defendant has no full-time employment history, he has held various part-time jobs. The defendant made each appearance required of him during trial following his release on bail. Significantly, the Trial Judge, who had an opportunity first hand to observe the defendant and to evaluate his character and demeanor during the course of the trial, saw fit to continue his bail status during the period between verdict and sentence.

In sum, there is every indication from the record that an order staying the judgment of conviction and releasing the defendant on bail will be sufficient to secure his availability to obey the mandate of this court upon determination of the appeal and that his flight from the jurisdiction is unlikely. Whether the points of error raised by the defendant will warrant a vacatur of his conviction is a matter that will be determined by this court only after a thorough review of the trial record, the briefs to be submitted, and the arguments to be made by both the Special Prosecutor and defense counsel. If it is then concluded that the defendant was fairly convicted and that the sentence imposed was just, his hour of punishment will come.