(September 20, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v VINCENT LAEZZA, Defendant.—Harwood, J. Application by the defendant pursuant to CPL 530.45 to the Honorable Stanley Harwood, an Associate Justice of this court, for a securing order and either release on his own recognizance, or to fix

reasonable bail pending determination of an appeal from a judgment of conviction to be rendered upon a jury verdict after trial in the County Court, Nassau County, finding him guilty of the crimes of criminally negligent homicide (three counts) and assault in the second degree.

Upon the papers filed in support of the application and after hearing oral argument in support thereof and in opposition thereto, it is

Ordered that the application is denied.

The defendant stands convicted of three counts of criminally negligent homicide and one count of assault in the second degree. The conviction stems from a collision between a vehicle driven by the defendant and a limousine carrying a wedding party to the reception celebration. The bride, the groom and the groom's brother were killed; the bride's sister was seriously injured. The defendant was absolved of criminal liability for the less serious injuries sustained by the driver of the limousine. Following announcement of the jury verdict, the Trial Judge revoked the $75,000 bail which secured the defendant's appearance during trial and remanded the defendant to the Nassau County Jail pending sentencing which is scheduled to take place October 14, 1988. The defendant then made this application which, if granted, would be tantamount to issuance of a stay of execution of judgment pending appeal pursuant to CPL 460.50 (see, CPL 530.45 [5]).

The defendant, now 21 years old, has resided with his parents on Long Island all of his life. I also note that he is presently employed as a carpenter. However, it has been disclosed on this application that the defendant was previously adjudicated a youthful offender; on oral argument, the People asserted without contradiction that the defendant had some involvement with cocaine. Moreover, it is significant that the Trial Judge, who will impose sentence on the defendant and who had the opportunity to observe and evaluate his demeanor and character during the course of the trial, saw fit to revoke bail upon the jury's verdict finding him guilty of criminally negligent homicide and assault. Given the apparent speed at which the defendant was driving while the collision occurred, I cannot agree with the defendant's attorneys that this is a criminal conviction premised "only" on a tragic automobile accident. I reviewed the appellate issues presently advanced by the defendant, but I have not been persuaded that the possibility of reversible error is such that the defendant's release is thereby warranted. Under all the circumstances, including that the defendant's sentence has not yet

been pronounced and that he may make application pursuant to CPL 460.50 once sentence is known *(cf., People v Garcia,* 79 AD2d 538), I decline to grant his application.