OPINION OF THE COURT
Caesar Cirigliano, J.
The defendant, who was convicted upon his guilty plea before a Judge of concurrent jurisdiction, has applied to this court for a stay of judgment pending his appeal to the Appellate Division. The People acknowledge that this court is empowered to entertain the defendant’s application. The People contend, however, that the more appropriate forum for this application is the Judge who presided over the hearing and took the defendant’s plea. The People urge this court to forward the defendant’s application to that Judge. The defen *388 dont contends that this application is properly before this court and strongly objects to the transfer of this application.
The novel and important question thus posed is whether this court has the right to refuse to hear and decide the defendant’s application. For the reasons discussed below, I hold that this court must entertain the defendant’s application.
The controlling statutory provision gives the defendant the right to select the Judge who is to decide the stay application and provides a broad array of Judges from which the defendant may choose. Under CPL 460.50, a defendant, who has taken an appeal from a judgment or sentence of the Supreme Court or of the New York City Criminal Court, has the right to make a stay application to any Justice of the Supreme Court of the appropriate judicial district, or to an Appellate Division Judge of the appropriate department.[1] (See, e.g., People v Holder, 70 Misc 2d 819 [Sup Ct, Nassau County 1972], affd 45 AD2d 820 [2d Dept 1974].)
The choice of forum is quite fairly and properly given to the defendant since the defendant has but one opportunity to make an application for a stay of judgment pending appeal. (Matter of Lefkowitz v Cioffi, 46 AD2d 473, 475 [1st Dept 1975].) Indeed, "[T]he selection * * * of the Judge to whom to make the one and only application * * * from a large menu of available judicial officers * * * [is] all the more critical”, because of the "essentially discretionary i.e., non-reviewable, nature of this type order.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 460.50, at 45.)
Notwithstanding the clear statutory language authorizing the defendant to select the forum in which his application is to be heard, the People urge this court to usurp the defendant’s prerogative and transfer the defendant’s application to the Judge who conducted the hearing in this case and took the *389 defendant’s plea. The People argue that the Judge who conducted the proceedings in this case is the best candidate for the task of deciding the defendant’s application for a stay pending appeal.
However, the Legislature has not designated the presiding Judge as the Judge of choice in this matter, but has explicitly provided a broad selection of Judges from which the defendant may choose. Unlike provisions governing bail applications made during the pendency of a criminal action (e.g., CPL 530.20, 530.40), the statutes governing stay applications authorize any Judge of the indicated trial and appellate courts to hear and decide the application. Thus, pursuant to CPL 530.50, an order of bail or recognizance during the pendency of an appeal may be issued by "[a] judge who is otherwise authorized pursuant to section 460.50 or section 460.60”, whereas, under CPL 530.20, "When a criminal action is pending in a local criminal court, such court * * * must or may order recognizance or bail”, and, under CPL 530.40, "When a criminal action is pending in a superior court, such court * * * must or may order recognizance or bail” (emphasis added).
A Judge who is statutorily authorized to hear a stay application and is designated by the defendant to decide it must entertain the application. The statutes governing both pre- and postconviction applications for bail provide three alternatives: In certain circumstances the application must (a) be granted as a matter of law, or (b) denied as a matter of law, while (c) in other circumstances the granting or denial of the application lies within the court’s discretion. (See, CPL 510.30 [1]; 530.10.) However, in all events, the application must be decided.
Thus the referral of a stay application to the presiding Judge is not authorized by statute, but is in derogation of the clear statutory requirement that the Judge, selected by the defendant, hear and decide the application. When a Judge declines to hear a stay application, the defendant is denied due process. "By providing a procedure for the fixing of bail pending appeal, the New York legislature obligated the New York courts to administer it fairly. An arbitrary denial of a right created by a State legislature is a denial of due process * * * [A] total failure to consider an application as required by law” is an arbitrary denial of this right. (United States ex rel. Cameron v People, 383 F Supp 182, 184 [ED NY 1974].)
*390 Indeed, I have not seen a case in which an Appellate Division Judge referred a stay application to the Judge who presided over the proceedings. Yet, the Judges of the Appellate Division do not have firsthand information about the defendant who is seeking the stay, or about the case. Instead, they rely upon the submissions made by the parties and give substantial weight to the bail fixed by the presiding Judge, who had a firsthand opportunity to observe the defendant. (See, e.g., People v Laezza, 143 AD2d 424, 425 [2d Dept 1988]; People v Kern, 137 AD2d 862 [2d Dept 1988].) A Trial Judge has access to the same information as does an Appellate Division Judge and cannot decline to hear a stay application on the ground that the presiding Judge is in a better position to decide it.
Illustrative of the compelling nature of the judicial obligation to decide a defendant’s stay application is Justice Shapiro’s decision in People v Gonzalez (402 NYS2d 584 [2d Dept 1978]). There, the defendant’s application for a stay pending appeal required Justice Shapiro to decide whether CPL 530.50 is unconstitutional. In declaring the provision unconstitutional, Justice Shapiro recognized that some of his associates might disagree with this determination.[2] He nonetheless felt constrained to make this difficult decision, saying, "the application in this case has been addressed to me, [and] I may not shirk my responsibility to pass upon it in the light of the law as I perceive it to be.” (Supra, at 588.)
In sum, the Legislature has clearly authorized the defendant to choose among a broad number of trial and appellate Judges and that decision is not one that can be usurped by a Judge through the mechanism of transferring the application to the Judge who presided over the case. Nor can this court shirk its responsibility to decide the application brought before it.
I therefore turn to consider the merits of the application.
Justice Brown, in deciding an application for bail pending appeal, summarized the requisite standards to be applied in making this determination: "When an order pursuant to CPL *391 460.50 is sought as a matter of judicial discretion, the concern of the Judge or Justice to whom the application is made is to insure that the defendant will remain amenable to the order of the court determining the appeal (see, CPL 460.50). The criteria upon which such an application is to be decided are set forth in CPL 510.30 (2) (a) and (b). Those criteria include the defendant’s character, reputation, habits and mental condition; his employment and financial resources; his family ties and the length of his residence in the community; his previous criminal record, if any; his previous record, if any, in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and the merit or lack of merit of the appeal and the sentence which has been imposed * * * Also to be considered is the likelihood of ultimate reversal of the judgment * * * While a determination that the appeal is palpably without merit alone justifies a denial of the application, it does not, in and of itself require such denial * * * Even though the statute recognizes that a convicted defendant is in a different position than one awaiting trial, the issue — regardless of whether recognizance or bail is sought in an ongoing criminal action or pending appeal from a judgment of conviction therein — is that of securing the defendant’s future court attendance when required.” (People v Kern, 137 AD2d 862, 863 [2d Dept 1988] [citations omitted], supra.)
Here, the defendant urges that his conviction will be overturned on appeal and that bail in an amount of not more than $1,000 will be sufficient to secure his presence in the court which rendered the judgment upon the determination of his appeal.
As to the merits of the appeal, counsel’s primary claim is that the hearing court erred in denying defendant’s motion to suppress several vials of cocaine. Counsel contends that this property should have been suppressed as it was the fruit of an arrest made without probable cause.
The People make substantial factual and legal arguments in support of the hearing court’s denial of suppression, and urge that the defendant’s appeal is palpably without merit. Ironically, the depth and breadth of the People’s arguments demonstrate that this issue is not without doubt. Moreover, the People do not, and indeed cannot contend that the defendant, by his plea of guilty, has waived this issue since an appeal does lie from an "order finally denying a motion to suppress *392 evidence”. (CPL 710.70 [2]; see, People v Surretsky, 67 Misc 2d 966, 967 [Sup Ct, NY County 1971].)
In assessing the merits of the appeal, my role is not to pass upon the issue raised by the defendant or to suggest the result of the appeal (see, People v Kern, supra, 137 AD2d, at 864), and thus I hold only that there is an arguable issue of some merit which should be reviewed on appeal.
The inquiry does not end with an analysis of the merits of the issues presented on appeal. It is necessary to examine the remaining statutory criteria in order to determine "the kind and degree of control or restriction that is necessary to secure [the defendant’s] court attendance when required.” (CPL 510.30 [2] [a].)
I am unable to make this assessment upon the information thus far supplied in the affidavits submitted in support of and in opposition to this application. Accordingly, defense counsel is directed to supply this court with information regarding the defendant’s age, his employment history and potential, his educational level, his financial resources, his marital status and other family ties, his length and place of residence in the community and the person or persons with whom he would reside should he be released to bail. The prosecution is directed to supply the specifics of the defendant’s criminal record and previous record of responding to court appearances. Either counsel may submit any other information relevant to an assessment of the defendant’s character, reputation, habits and mental condition. This decision will be held in abeyance to give counsel the opportunity to provide the above-requested information.

. CPL 460.50 vests "a justice of the appellate division of the department in which the judgment was entered”, or "a justice of the supreme court of the judicial district embracing the county in which the judgment was entered”, with the authority to issue an order "staying or suspending the execution of the judgment pending the determination of the appeal,” and "either releasing the defendant on his own recognizance or fixing bail pursuant to the provisions of article five hundred thirty,” ”[u]pan the application of a defendant who has taken an appeal to an intermediate appellate court” from "a judgment or a sentence of either the supreme court of the New York City criminal court”. (CPL 460.50 [1] [a], [b]; [2] [a]; emphasis added.)

. Mindful that the statute, if valid, would require him to deny the defendant’s application, Justice Shapiro gave the District Attorney an opportunity to apply for a writ of prohibition against him. Justice Shapiro’s associates ultimately prohibited him from signing the order effectuating his decision to grant a stay of execution of sentence and bail on the ground that the statute was constitutional and mandated the denial of bail. (Matter of Gold v Shapiro, 62 AD2d 62 [2d Dept], affd 45 NY2d 849 [1978].)