In the Matter of the Applications of EDWARD K. CASSEDY and Another, Petitioners, for Peremptory Orders of Mandamus against GEORGE E. WILKINS and Another, Comprising the Board of Elections of the County of Fulton, Respondents.

Supreme Court, Fulton County, September 3, 1930.

*Alfred D. Dennison,* for the petitioners.

*John T. Morrison,* for the board of elections of Fulton county, respondent.

HEFFERNAN, J. The petitioners have applied for peremptory orders directing the board of elections of Fulton county to include in the official notices for the primary and general elections to be held this year and to print upon the appropriate official ballots of the Republican party their names as candidates of that party, the former for the office of surrogate and the latter for the office of district attorney.

The petitions show that in November, 1927, T. Cuthell Calderwood was elected surrogate of Fulton county; that he qualified and entered upon the discharge of his duties on January 1, 1928, and has since continued to act as such; that in November, 1929, Mr. Cassedy was elected district attorney of the county and after qualification assumed office on January 1, 1930, and is now discharging the duties thereof.

On August first of this year these two officials in writing couched in identical language filed with the proper authorities their resignations. In each instrument, after the formal part, appears the

statement, " such resignation to become effective December 31st, 1930."

On August 4, 1930, being the last day on which he might do so, the Secretary of State, in accordance with section 69 of the Election Law, caused to be filed in the office of the board of elections of Fulton county a certificate showing the officers who might lawfully be voted for in that county at the next general election. Included in this notice are the offices of surrogate and district attorney.

On August 19, 1930, Messrs. Cassedy and Kearney filed with the election officials their designating petitions for the respective offices for which they are candidates, *i. e.*, surrogate and district attorney. No objection has been made to these petitions and no other designating petition has been filed by any other candidate of any party for either office. On the same day T. Cuthell Calderwood filed in the same office a designating petition for the office of county judge.

On August 23, 1930, the Secretary of State transmitted to the board of elections what purports to be an amended certificate in which there is omitted the designation of the offices of surrogate and district attorney. Subsequently to the receipt of the amended certificate the members of the election board notified the petitioners that there are no vacancies in the offices to which they aspire and that they would refuse to include their names in the official notices and to print them upon the official ballots. Petitioners then instituted this proceeding to compel them to do so.

The problem for solution is whether these offices are deemed vacant for the purpose of electing successors. The question is novel and without precedent in this State. The right of a public officer to resign at will is well recognized. The Public Officers Law (§ 30) declares that an office is vacant upon the resignation of an incumbent. Section 31 of the same law, in prescribing the method of resignation, so far as material here, provides: " Every resignation shall be in writing addressed to the officer or body to whom it is made. If addressed to an officer, *it shall take effect upon delivery to him at his place of business or when it shall be filed in his office.*" On the delivery of a resignation to the proper officer it takes effect immediately and *ipso facto* creates a vacancy in the office. Therefore, the resignations of the surrogate and district attorney were complete when filed in the proper office. The fact that each of the officers in question stated in his certificate of resignation that it would not be effective until December thirty-first does not, in my judgment, change the result. The statute provides a particular mode by which public officers may resign. That

method is exclusive. The statute also clearly specifies when it shall be effective. The only exception to this is contained in section 41 of the Public Officers Law (as amd. by Laws of 1928, chap. 91), which provides for filling a vacancy in the office of Comptroller or of Attorney-General in the event of a prospective resignation. This section is wholly inconsistent with the notion that any other public officer may resign prospectively. It is not within the power of a public officer by written or oral declaration to nullify this provision of law. Public officers are selected for the purpose of exercising the functions of government. There is no provision in our statute for a resignation prospective or conditional in character. My attention has been called to an opinion of the Attorney-General holding otherwise. The reasons which he assigns for his conclusions do not commend themselves to me. In my judgment it would be contrary to sound public policy for a political organization to permit the depositaries of its power to throw off their responsibilities and yet continue to act so long as their inclination or interest dictated. To hold otherwise in many conceivable situations would open the door to collusion and corruption.

In my opinion the offices of surrogate and district attorney of Fulton county are vacant. The petitioners are entitled to the relief which they seek. The amended certificate of the Secretary of State is a nullity and the board of elections is directed to disregard it.