George Beisheim, J.
Petitioner has instituted this article 78 proceeding, in the nature of mandamus, for a judgment commanding the respondents to recognize the petitioner as Commissioner of Public Safety of the City of Yonkers continuously during the period December 11, 1971, to December 10, 1972.
Petitioner was appointed Commissioner of Public Safety by various City Managers of the City of Yonkers. He was appointed first on January 16, 1968, and was reappointed on December 11, 1969, and on December 10, 1970, the last appointment being made by the respondent, Dr. Seymour Scher, who was on the aforesaid date, and still is, City Manager. Approximately a week before Election Day, 1971, a strong difference of opinion apparently arose between petitioner and Dr. Scher in connection with an advertisement in a Yonkers newspaper inserted by the Police Association of the City of Yonkers. It is unnecessary for this court to make a finding as to the merits of the adverse positions taken by petitioner and Dr. Scher, and the court does not do so, but the disagreement between them apparently triggered the events which followed on November 4, 1971.
On November 4, 1971, petitioner signed a letter addressed to Dr. Scher at Dr. Scher’s office stating, inter alia, the following: “As a result, I intend to go on disability effective Monday, November 8. In addition, I intend to file for retirement effective January 14, 1972. It is understood, however, that I will not be able to perform my duties as Commissioner of Public Safety between now and January 14, 1972, and I will designate, with your approval, a new Acting Commissioner of Public Safety.”
*70 Simultaneously, or immediately thereafter, Dr. Scher signed and gave a letter to petitioner, stating, in part, as follows:
“ I accept your request to be absent from the job for the reasons you stated and we will arrange for your retirement as Commissioner of Public Safety, as you request, effective January 14, 1972.
“We will jointly designate an Acting Commissioner of Public Safety to fill the responsibilities of the office between November 8, 1971 and January 14, 1972.”
Thereafter, on January 10, 1972, petitioner, by letter, requested of the City Manager that petitioner ‘ ‘ be carried on sick leave ” during 56 working days, as a matter of right, in order to allow for the occurrence during that period of the surgical procedure to which petitioner would have to submit to alleviate an admitted service-incurred disability. On January 13, 1972, the City Manager denied the petitioner’s request, stating, in part, as follows:
‘ ‘ I would remind you that you submitted your resignation to me on November 4, 1971. In your resignation you stated that you were going on disability leave effective November 8, 1971 and that you would retire effective January 14, 1972. I accepted that resignation on November 4, 1971 on that basis, and I can see no reason for altering it in any way.
“Accordingly, your last day on the payroll of the City of Yonkers is January 13, 1972, and I am so notifying the New York State Retirement System.”
On January 18, 1972, petitioner’s attorneys wrote the City Manager, the pertinent parts of which letter read as follows:
“ Commissioner Vescio has decided to proceed to enforce his legal rights in full. Under C 13-1 of the Charter of the City of Yonkers, the term of office for the Commissioner of Public Safety is one year. Mr. Vescio’s last term expired on December 10, 1971. When he continued in office beyond that date as a result of your affirmative action, he entered a new term and became entitled by law to serve in that office until and including December 10, 1972.
“We demand on behalf of Commissioner Vescio that he immediately be restored to active command of the Department of Public Safety and be accorded all of the privileges and restored to all the duties appurtenant to that office.”
The court believes the contentions of the parties may be reduced to four.
(1) Petitioner contends that the City Manager’s letter to him of November 4,1971, constituted on its face an appointment *71 of him. by the City Manager as Commissioner of Public Safety from December 11, 1971, until January 14, 1972. He argues that actually his new appointed term commenced December 11, 1971, and legally did not terminate until December 10, 1972. He bases this contention on the fact that chapter 13-1 of the Yonkers City Charter provides that the term of the Commissioner of Public Safety shall be for one year, and that his old term as Commissioner having expired on December 10, 1971, the appointment by the City Manager for any period of time thereafter could not legally be less than for the one-year term of office prescribed by the City Charter.
(2) The respondents contend that petitioner was never reappointed as Commissioner of Public Safety after the expiration of the term for which he was appointed on December 10, 1970, but to the contrary was granted permission to be absent from his job (with full pay, however) and to arrange for his retirement on January 14, 1972, in compliance with the terms of petitioner’s ‘ ‘ letter of resignation ’ ’ to respondent City Manager dated November 4, 1971.
(3) Petitioner, as an alternative contention, alleges that even if it should be deemed that he had not been appointed for the term December 11, 1971, to December 10, 1972, in any event, he was a holdover Commissioner of Public Safety after the completion of his term on December 10, 1971, by reason of the fact that a successor Commissioner of Public Safety had not been and still has not been appointed. Respondents in reply thereto allege that on November 8, 1971, the City Manager appointed another to perform petitioner’s duties for the period November 8, 1971, to January 14, 1972, who still is performing the same.
(4) The respondents argue that the petition should be dismissed for the additional reason that petitioner, in instituting this article 78 proceeding, has elected the wrong remedy, in that the sole procedure to determine the right to a public office is by a writ of quo warranto.
The court deals first with petitioner’s contention (1) that he was appointed Commissioner of Public Safety of the City of Yonkers by the City Manager for a new term terminating on its face January 14, 1972, but as a matter of law such term does not end until December 10, 1972.
In ruling upon this point, the court believes that it is unnecessary to make a finding in respect to the contentions of the respective parties as to legally when petitioner’s term began, or for how long such term was, as a result of his alleged appoint *72 ment on November 4, 1971, by the City Manager to hold office for a period after December 10, 1971. Petitioner’s contention that such term was until December 10, 1972, must fail by reason of the fact that he never executed or filed an oath of office for any term, whatever its duration, commencing after December 10, 1971, or November 8, 1971, whichever date be deemed the commencement date of the new term of office. Section C 2-4 of the Yonkers City Charter provides as follows: “ Every person elected or appointed to any office under this charter, before entering upon the same shall take the oath prescribed by the constitution of the State of New York and file the same with the City Clerk * * * In case any person shall fail to file his oath, as aforesaid * * * if an appointive officer, within fifteen days after receipt of his notice of appointment, the office shall be deemed vacant and shall be filled in the manner provided by law for the filling of a vacancy other than by expiration of term.”
This section presumably was derived from section 30 (subd. 1, par. h) of the Public Officers Law, which reads, in part, as follows:
“ 1. Every .office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
■ti. Jf. OR.
“ h. His refusal or neglect to file his official oath or undertaking, if one is required * * * if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term ”.
The record in this case reveals that the last oath of office signed and filed by petitioner was on or about December 10, 1970, at the time of his appointment for the term December 11, 1970, to December 10, 1971.
Accordingly, the office of Commissioner of Public Safety, even if a new appointment had validly been made, became vacant 15 days after December 11, 1971 (to use the date most favorable to petitioner) upon petitioner’s failure to execute and file his oath of office with the City Clerk within the time limit prescribed. (See 17 Op. St. Comp., 1961, 109; 10 Op. St. Comp., 1954, 332.)
The court comes next to contention (2), supra, to wit, respondents ’ claim that petitioner had, in effect, resigned when he signed and delivered his letter of November 4, 1971, to the City Manager. In the court’s opinion, this contention likewise is without merit.
Section 31 (subd. 1, par. h) of the Public Officers Law pertaining to resignations reads as follows:
*73 “ 1. Public officers may resign their offices as follows:
* # m
‘‘ h. The officer of any other municipal corporation, to the clerk of the corporation ’ ’.
Paragraphs a through g, which the court has omitted from the quote aforesaid designate to what specified officer various named, or otherwise described, State, county and town officers may deliver their resignations. Paragraph h, quoted supra, obviously applies to officers of cities and villages, inter alia, inasmuch as officers of such municipal corporations are not expressly designated in paragraphs a through g.
There is no proof before this court that the alleged resignation of the petitioner dated November 4, 1971, was delivered to the City Clerk of the City of Yonkers. On the contrary, the record affirmatively shows that said letter was signed in the office of the City Manager and given to the City Manager in his office when, or immediately after, petitioner had signed it. Section 31 of the Public Officers Law providing a particular mode by which a public officer may resign is the exclusive method of resignation (Matter of Cassedy v. Wilkins, 137 Misc. 748). By reason of the foregoing, it is unnecessary for the court to make a finding as to whether petitioner’s letter of November 4, 1971, was a resignation, whether it expressed an intention to resign .in the future, or stated an intention to retire in the future. Under the circumstances involved in this proceeding, in the court’s view of the case both letters of November 4, 1971, were of no legal consequence.
On contention (3), supra, the court agrees with petitioner. Inasmuch as the office of Commissioner of Public Safety (if filled at all by a new appointment effective after December 10, 1971) became vacant by reason of petitioner’s failure to execute and file an oath of office, and since petitioner did not legally resign as Commissioner of Public Safety for the term ending December 10, 1971, his present status is that of a holdover Commissioner of Public Safety unless a successor to him was appointed. A holdover, of course, does not have to execute and file a new oath. What constitutes a holdover is set forth in section 5 of the Public Officers Law, which reads as follows:
“ § 5. Holding over after expiration of term. — Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue *74 to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only.”
Where a fixed term is defined by statute, the appointing officer has no authority to appoint for a shorter time than the fixed term. (See Matter of Sullivan v. Taylor, 279 N. Y. 364, and Matter of Collins v. City of Schenectady, 256 App. Div. 389.)
Respondents contend that petitioner’s office was filled by the appointment of one William SicHey as ‘ ‘ Acting Public Safety Commissioner ”. Black’s Law Dictionary (4th ed.) defines ‘ ‘ acting officer ’ ’ as follows: ‘ ‘ Acting officer. The phrase ‘ acting officer ’ is used to designate, not an appointed incumbent, but merely a locum tenens who is performing the duties of an office to which he himself does not claim title State ex rel Gosset v. O’Grady, 137 Neb. 824, 291 N. W. 497, 501; State Bank of Williams v. Gish, 167 Iowa 526, 149 N. W. 600, 601. * * # An acting executor is one who assumes to act as executor for a decedent, not being the executor legally appointed or the executor in fact. Morse v. Allen, 99 Mich. 303, 58 N. W. 327.”
The court finds that Mr. Sickley was not appointed as Public Safety Commissioner of the City of Yonkers, and until such time as a Public Safety Commissioner is appointed by the City Manager, petitioner continues as a holdover Commissioner of Public Safety.
On contention (4), supra, the court disagrees with respondents’ argument that quo warranto (Executive Law, § 63-b, subd. 1) is the exclusive remedy available to petitioner. Quo warranto is only one of the procedural remedies available to one claiming title to public office. (People ex rel. Corscadden v. Howe, 177 N. Y. 499, where the court said at pp. 505-506: ‘ ‘ the determination of the title to public office belongs exclusively to the courts of law to be exercised by mandamus, prohibition and quo warranto as the circumstances of the case and the mode of procedure may require.”)
Under the classic approach, quo warranto has been deemed to be the more appropriate remedy when the facts are disputed; mandamus, when the validity of title involves a situation where *75 the facts are not in dispute, thus leaving only the proper interpretation of the law to be made by the court (Matter of Fauci v. Lee, 38 Misc 2d 564, affd. 19 A D 2d 777; Matter of Anson v. Starr, 198 Misc. 982).
In the instant proceeding, there is no substantial dispute of facts. The disagreement is over the interpretation of the letters exchanged between petitioner and the City Manager and the legal results, if any, flowing therefrom. The court, moreover, prefers to take the broader view of procedural remedies as stated in Matter of Brescia v. Mugridge (52 Misc 2d 859, at p. 862): “ In any event, we take a broader view of CPLR article 78 which does not limit its use strictly to those existing and categorized proceedings which are nevertheless encompassed by its provisions (CPLR 7801). Certain exclusions are spelled out (CPLR 7801), and the nature and extent of questions which may be raised is clearly specified (CPLR 7803). Our position is that these allowable purposes spell out a broader spectrum of permissible actions than would any attempt to match them up with more well-established and precisely confined remedies (see Matter of Lowell v. Browner, 47 Misc 2d 729; Matter of Felice v. Swezey, 278 App. Div. 958; Matter of Mapes v. Swezey, 278 App. Div. 959).”
If petitioner does not resign, the respondent City Manager would seem to have three alternatives:
(1) Restore to him the duties and responsibilities of his office, the salary of which he is entitled to be paid while he holds that office as a holdover commissioner.
(2) File and substantiate charges warranting his dismissal after a due and proper hearing.
(3) Appoint a successor City Commissioner of Public Safety for the term expiring December 10, 1972.
Failure to do any of the foregoing possibly could leave respondents exposed to a taxpayers’ action under section 51 of the General Municipal Law.
In any event, the court grants petitioner’s mandamus to the extent of directing respondents to recognize petitioner as Commissioner of Public Safety of the City of Yonkers as a holdover of his term expiring on December 10, 1971, until such time as his successor shall be appointed.