## THIRD DEPARTMENT, APRIL, 1975

### (April 3, 1975)

■ In the Matter of MICHAEL R. BURKE, Respondent, v PAUL G. VAN BUSKIRK, Individually and as Executive Director of the Planning and Development Agency, of the City of Cohoes, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered June 19, 1974 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, and reinstated him to his position as Housing Project Director of the City of Cohoes Planning and Development Agency. Petitioner was appointed by appellant Mayor of the City of Cohoes on February 18, 1973 to the position of "Planner" in the Cohoes Planning and Development Agency. His title was later changed to "Housing Projects Director". He performed the duties of his office until he received a memorandum dated July 23, 1973, signed by appellant executive director of the agency, Paul G. Van Buskirk, advising him that he was suspended, without pay, for leaving the offices on July 20, 1973 without notification, justification or acknowledgement. Petitioner has not been permitted to return to work. He commenced this article 78 proceeding against appellants, seeking reinstatement and back salary, maintaining he had been improperly dismissed. Both appellants served verified answers. In his answer, appellant Van Buskirk admits that petitioner was suspended, but denies that he was dismissed. He alleges further that petitioner telephoned his office on August 6, 1973 and requested his severance pay, as well as his vacation pay; that petitioner felt it would be better if he resigned and advised Van Buskirk he was resigning; that Van Buskirk then advised petitioner that his resignation would be effective as of August 30, 1973 and his suspension would continue until that time; that on August 31, 1973, Van Buskirk advised the Comptroller and Civil Service Commission of the City of Cohoes that petitioner had resigned effective August 30, 1973. Petitioner, by his reply affidavit, alleges

that he "did not and has not at any time tendered his resignation". Special Term granted petitioner the relief requested, holding that he was, at least, "an appointive officer" or an "employee" under provisions of sections 62 and 65, respectively, of the Cohoes code and could not be dismissed without a hearing on written charges and testimony taken under oath. The court further found that the Civil Service Law is inapplicable and that there was insufficient proof that petitioner resigned voluntarily. This appeal ensued. We agree with Special Term that petitioner could not be dismissed without a hearing on written charges, and also that the Civil Service Law does not apply here. Appellants contend that the court erred in failing to grant a trial in the proceeding to determine whether petitioner had been discharged or whether he resigned. This contention is without merit. A careful reading of the ordinance which created the planning and development agency clearly establishes that petitioner's position was created by appellant Mayor and that he was appointed to such position by her to serve at her pleasure. Accordingly, petitioner is an appointive officer of the City of Cohoes. Where not otherwise provided by law, an appointive officer of a municipal corporation may resign his office to the body, board or officer that appointed him. (Public Officers Law, § 31, subd 1 par h.) Such resignation must be in writing, addressed to the officer or body to whom it is made, and, in the absence of an effective date specified therein, it shall take effect upon delivery to or filing with the proper officer or body. (Public Officers Law, § 31, subd 2.) No provision of the Cohoes City Charter prescribing a different method of resignation which would take precedence over this general statutory mandate has been cited by appellants. There is no proof in this record that petitioner's purported resignation was in writing, or that such a writing was delivered to or filed with the proper party pursuant to the Public Officers Law. Under the circumstances, there was no resignation by petitioner, as a matter of law, and Special Term properly ordered petitioner reinstated to his position. He was illegally dismissed for the appellant Mayor's failure to comply with the pertinent section of the Cohoes code relating to the removal of an appointive officer. Judgment affirmed, without costs. Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., and Greenblott, J., concur in the result.