HON. M. LEO FRIEDMAN Town Attorney, Newcomb
We acknowledge receipt of your letter in which you state that your town superintendent of highways, at a meeting of the town board at which all town board members and the town clerk were present, stated orally to the town board that he resigned from office; the board then accepted the resignation and the town clerk entered these facts in the minutes of the meeting; and subsequently the town superintendent of highways advised the town clerk that he rescinded his resignation. You request our opinion whether the oral resignation made to the town board at a meeting of the board and in the presence of the town clerk; the acceptance of the resignation by the town board; and the entering of these matters by the town clerk in the minutes of the meeting, are sufficient to constitute a resignation.
Town Law § 26 provides as follows:
"§ 26. Resignation of town officers
 "Any town officer may resign to the town clerk in the manner provided by section thirty-one of the public officers law."
The pertinent portions of the Public Officers Law § 31 are as follows:
"§ 31. Resignations
 "1. Public officers may resign their offices as follows:
* * *
"g. Every town officer, to the town clerk;
* * *
 "2. Every resignation shall be in writing addressed to the officer or body to whom it is made. * * *
 "4. A resignation delivered or filed pursuant to this section, whether effective immediately or at a specified future date, may not be withdrawn, cancelled, or amended except by consent of the officer to whom it is delivered * * *"
The method of resigning prescribed in the statute is exclusive.Burke v. Van Buskirk, 47 A.D.2d 965 (1975); Vescio v.City Manager of the City of Yonkers, 69 Misc.2d 68 affd.41 A.D.2d 833 (1972). The statute provides that the resignation shall be in writing. An oral resignation is not a substitute even when minutes of the incident are made. The act of the town board purporting to accept the tendered resignation was void and of no effect. It could not validate the defective resignation. Even if the resignation had been in writing, the town board had no right either to accept or reject it. A resignation is self-executing. (1974 Opinions of the Attorney General page 233, a copy of which informal opinions is enclosed for your convenience, as is a copy of 1975 Opinion of the Attorney General 339. If the resignation had been in writing and filed with the town clerk, the resigning officer would have had no right to rescind the resignation. A resignation by a town officer can be withdrawn, canceled or amended only upon consent of the town clerk, which consent is solely in the discretion of the town clerk regardless of any action or stated preference on the part of the town board.
In our opinion, your town superintendent of highways has not resigned from office.