In the Matter of ALBERT J. CORBEIL, Appellant-Respondent, v RONALD J. CANESTRARI, as Mayor of the City of Cohoes, et al., Respondents-Appellants.

Third Department, April 28, 1977

*Wertime, Robinson & Ries, P. C. (Charles B. Ries* of counsel), for appellant-respondent.

*James D. Harrington, Corporation Counsel (Jean Mary Reinhardt* of counsel), for Ronald J. Canestrari, respondent-appellant.

*John J. Doherty* for Edward Farrell, respondent-appellant.

*James M. O'Brien* for James Tompkins, respondent-appellant.

LARKIN, J. In 1974 the City of Cohoes created a Community Development Agency pursuant to the Federal Housing and Community Development Act. An ordinance was enacted authorizing the Mayor to appoint an Executive Director to serve at the Mayor's pleasure. Other positions in the agency were to be filled by appointment of the Executive Director. In 1975 the Executive Director appointed the petitioner to the position of Housing Counselor. The petitioner held that position until he was replaced by a newly elected Mayor.

The petitioner alleges that he was an employee removed from his job without cause, and without notice and a hearing, in violation of section 65 of the Cohoes City Charter. In the alternative, he alleges he was an appointed officer removed

without cause and without a hearing in violation of section 62 of the Cohoes City Charter.

We hold that the petitioner was not an employee, but rather was an appointive officer of the City of Cohoes *(Matter of Burke v Van Buskirk,* 47 AD2d 965; City of Cohoes Ordinance No. 152, § 2). Section 10 of the Cohoes City Charter provides in part: "Where the term of an appointive officer is not specifically fixed by statute it shall be deemed to continue only during the pleasure of the officer, officers, board or body authorized to make the appointment. The appointive officers now in office shall continue as such officers until their successors shall be appointed and shall qualify; but for the purpose of appointing such successors their respective office shall be deemed to be vacant." Petitioner's term, accordingly, expired by operation of law, along with the term of the Mayor who appointed the Executive Director and the Executive Director who appointed the petitioner.

At issue here is the constitutionality of section 10 of the Cohoes City Charter. We hold that section 10 of the Cohoes City Charter can be applied constitutionally to all appointive officers in policymaking positions, but it cannot be applied constitutionally to the petitioner, since his position was in a nonpolicymaking category.

In *Elrod v Burns* (427 US 347) the United States Supreme Court held that a nonpolicymaking, nonconfidential government employee cannot be discharged from a job that he is satisfactorily performing on the sole ground of his political beliefs. In *Elrod v Burns (supra,* pp 367-368) the court said that "[n]o clear line can be drawn between policymaking and nonpolicymaking positions * * *. An employee with responsibilities that are not well defined or are of broad scope more likely functions in a policymaking position * * *. [C]onsideration should also be given to whether the employee acts as an adviser or formulates plans for the implementation of broad goals". In the instant case Special Term found, and we agree, that the petitioner herein was essentially a building inspector who was charged with the enforcement of the applicable building codes and ordinances, a position without policy considerations requiring substantial independent judgment on his part (cf. *Matter of Nolan v Tully,* 52 AD2d 295).

*By this decision we do not restrict or pass upon the right of the City of Cohoes to enact its own laws in regard to specifically fixing terms of office for various city positions. We do*

find that the method used by the City of Cohoes, which automatically terminates all nonpolicymaking appointive offices upon the expiration of the appointing officer's term to be violative of the mandates laid down by the Supreme Court in *Elrod v Burns (supra).*

The judgment should be modified, on the law and the facts, by reversing so much thereof as denied the request for back salary and accrued benefits; request granted and the matter remitted to Special Term for a determination of amount of back salary and accrued benefits, if any; and, as so modified, affirmed, without costs.

KANE, J. P., MAHONEY, MAIN and HERLIHY, JJ., concur.

Judgment modified, on the law and the facts, by reversing so much thereof as denied the request for back salary and accrued benefits; request granted and matter remitted to Special Term for a determination of amount of back salary and accrued benefits, if any; and, as so modified, affirmed, without costs.