Hon. J. Barry Harper Village Attorney, Richfield Springs
This is in response to your letter wherein you request an opinion of the Attorney General whether the Mayor of the Village of Richfield Springs, now under indictment for certain felonies, may suspend the performance of his duties and forfeit his pay until such time as the felony charges, now pending against him, are finally determined.
Public Officers Law, § 30, provides that a public office becomes vacant when, inter alia, the incumbent is convicted of a felony. Since the Mayor of the Village of Richfield Springs has not been convicted of a felony, he may continue to hold said office or resign therefrom.
Public Officers Law, § 31, provides in pertinent part:
 "1. Public officers may resign their offices as follows:
* * *
 "h. The officer of any other municipal corporation, to the clerk of the corporation * * *.
* * *
 "2. Every resignation shall be in writing addressed to the officer or body to whom it is made. If no effective date is specified in such resignation, it shall take effect upon delivery to or filing with the proper officer or body. If an effective date is specified in such resignation, it shall take effect upon the date specified, provided however, that in no event shall the effective date of such resignation be more than thirty days subsequent to the date of its delivery or filing. If such resignation specifies an effective day that is more than thirty days subsequent to the date of its delivery or filing, such resignation shall take effect upon the expiration of thirty days from the date of its delivery or filing."
The decision in Cassedy v. Wilkins, 137 Misc. 748 (Supreme Court, Fulton County, 1930), interpreted section 31 as follows:
 "* * * The statute provides a particular mode by which public officers may resign. That method is exclusive. * * * It is not within the power of a public officer by written or oral declaration to nullify this provision of law. Public officers are selected for the purpose of exercising the functions of government. There is no provision in our statute for a resignation prospective or conditional in character. * * *" (See, Matter of Vescio v. City Manager of the City of Yonkers, 69 Misc.2d 68
[Supreme Court, Westchester County, 1972], affd41 A.D.2d 833 [1973].)
Accordingly, we conclude that the provisions of Public Officers Law, § 31, are the exclusive method by which the Mayor of the Village of Richfield Springs may voluntarily resign from his office. There is no provision of law authorizing a resignation or suspension prospective or conditional in nature.