OPINION OF THE COURT
Memorandum.
The judgment of Supreme Court, Albany County, appealed from and the prior order of the Appellate Division brought up for our review should be reversed, with costs, and the petition dismissed.
We reject petitioner’s contention that he was entitled to a hearing before being "removed” from his position as a Housing Counselor for the Cohoes Neighborhood Improvement Program. As correctly found by the Appellate Division, petitioner was an "appointive officer” and not an "employee” of the City of Cohoes. (See Matter of Burke v Van Buskirk, 47 AD2d 965; City of Cohoes Ordinance No. 152, § 2.) While section 62 of the Cohoes City Charter provides, in essence, that the Mayor may remove an appointed officer only after a hearing, this section is prefaced by the qualifying language "Except as otherwise provided in this act”.
Section 10 of the Cohoes City Charter states in relevant part that "[wjhere the term of office of an appointive officer is not specifically fixed by statute it shall be deemed to continue only during the pleasure of the officer, officers, board or body authorized to make the appointment. The appointive officers now in office shall continue as such officers until their successors shall be appointed and shall qualify; but for the purpose of appointing such successors their respective office shall be deemed to be vacant.” Thus, in accordance with the express terms of this section, petitioner’s term expired by operation of law when the Mayor-elect assumed office and appointed petitioner’s successor. Accordingly, the provisions of section 62 of the Cohoes City Charter have no application to this case.
*725 One further point requires discussion. An examination of the petition and the supporting legal memoranda reveals that petitioner predicated his legal claim only upon two grounds, to wit: that he was dismissed from his position without a hearing as provided in the city charter, and that the Mayor-elect’s policy in not allowing both a husband and wife to be employed simultaneously by the city was arbitrary and capricious. At no time did petitioner claim that the failure to reappoint him was motivated by partisan politics, and the record is devoid of any evidence to support this theory. Therefore, there was no basis for the courts below to consider this question.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.