OPINION OF THE COURT
Martin Rodell, J.
This is a petition, pursuant to CPLR article 78, for a judgment declaring that the petitioner Anita Rubin is and continues to be a member of Community School Board 28.
The petitioners were duly elected as members of Community School Board 28 in 1980 for a term of office that will not expire until 1983. The respondent Community School Board 28 is a local community school board with offices at 70-48 Austin Street, Forest Hills, New York. The other respondents include the board’s president and the remaining members. On or about January 8, 1981, the petitioner Rubin wrote to members of Community School Board 28, and advised them of her intention to resign as a member of Community School Board 28 for health and personal reasons. Her letter concluded as follows: “I therefore respectfully request that you accept my resignation as of March 1st 1981.”
At an executive session of Community School Board 28, held at the district office on January 20, 1981, those members of the executive board who were present voted unanimously to accept the resignation of the petitioner Rubin. On January 22, 1981 the respondent board' president Phoebe Wiener wrote to the petitioner Rubin: “At a working session on January 20, 1981, the Community School Board expressed no opposition to accepting your resignation effective March 1, 1981.”
*134 Subsequently, on February 27, 1981, petitioner Rubin sent another letter to the members of the school board, wherein she expressed her intention to vote in March on a local issue, and concluded as follows: “I therefore respectfully request that you defer my resignation until March 15, 1981.”
At a duly convened meeting of Community School Board 28, held on March 2, 1981, the following resolution was proposed: “That the resignation of Anita B. Rubin, from the Community School Board, District 28, be accepted effective March 1, 1981.”
It appears that before that resolution was put before the members for a vote, it was amended to provide for acceptance of Anita Rubin’s resignation, effective March 15, 1981. When the amended resolution was put before the board, it resulted in a vote of four in favor and four against, and consequently no action was taken with respect to both resolutions.
The respondents contend that the submission by petitioner Rubin of her resignation to the Community School Board on January 8, 1981 satisfied all statutory requirements to make such resignation binding and effective, as set forth in section 2111 of the Education Law. Furthermore, they contend that the vote taken by Community School Board 28 in executive session on January 20, 1981 to accept the resignation was sufficient to consider it binding and effective; and the board reserved the right not to grant the petitioner’s request to defer her resignation until March 15, 1981.
The petitioners reject this contention of the respondents and submit that since the Rubin letter of January 8, 1981 was never delivered to the Secretary of State, as required by section 31 of the Public Officers Law, it was not and could not be a valid or effective resignation.
On March 9, 1981 this court heard oral argument by both sides as to the import of section 2111 of the Education Law, which reads in part: “A school district officer may resign to a district meeting.” Although able counsel for both sides grappled nobly with the definition of the term “district meeting” and its relevance, the court finds that *135 section 2111 of the Education Law is not dispositive of the instant matter.
Article 52-A of the Education Law established the New York City Community School District System in 1969. Under section 2590 of the Education Law, this article shall apply and be dispositive in matters relating to the city school district of the City of New York. In Matter of Roher v Dinkins (40 AD2d 956, 957, affd 32 NY2d 180), the court pointed out that the provisions of article 52-A of the Education Law are applicable only to New York City, and are “[u]nlike the situation elsewhere in the State”. Furthermore, as if to emphasize the sui generis character of article 52-A, the term “district meeting” as defined in article 41, and under section 2038 of the Education Law is clearly inapplicable to the New York City situation. Since that term is not defined in article 52-A, the provisions of section 2111 referring to a “district meeting” were never meant to apply to the New York City situation. Similarly, section 2590-c deals specifically with the composition of New York City Community Boards, and in subdivision 6 (par [34], cl [a]) the following is provided: “In addition to the conditions enumerated in the public officers law creating a vacancy, a member of a community board who refuses or neglects to attend three successive meetings of his board of which he is duly notified, without rendering a good and valid excuse therefor to the other members of his board, vacates his office by refusal to serve.” (Emphasis supplied.)
Patently, the Public Officers Law comes into play where a vacancy is created in a New York City Community Board, inclusive of one created by resignation.
The courts have held that individuals who comprise a school board are “public officers” within section 2 of the Public Officers Law. (See Komyathy v Board of Educ., 75 Misc 2d 859.) Section 31 (subd 1, par k) of the Public Officers Law is thus controlling in the instant matter and delineates the proper procedure for resignations to be effective, as follows: “Public officers may resign their offices as follows * * * and every other elective officer, where not otherwise provided by law, to the secretary of state.”
*136 . It has been held that section 31 of the Piiblic Officers Law, providing a particular mode by which a public officer may resign, is the exclusive method of resignation. (Matter of Vescio v City Manager of City of Yonkers, 69 Misc 2d 68, affd 41 AD2d 833; Matter of Cassedy v Wilkins, 137 Misc 748; also see Matter of Burke v Van Buskirk, 47 AD2d 965; Matter of Roberts v Allen, 54 Misc 2d 746.) In the Vescio (supra) case, it was held that even if a letter from the Yonkers Commissioner of Public Safety to the city manager was otherwise effective as a resignation, the failure to deliver such a letter to the proper party provided by the statute rendered it ineffective.
There is no proof in this record that petitioner Rubin’s purported resignation was delivered to or filed with the Secretary of State, who is the proper party, pursuant to the Public Officers Law. Under the circumstances, the court finds that there was no resignation by the petitioner Rubin as a matter of law.
Accordingly, the motion for a judgment declaring that the petitioner Anita Rubin is and continues to be a member of Community School Board 28 is granted.