■ WILBURT C. WAHL, JR., Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CLAYTON et al., Appellants.— Judgment unanimously affirmed, with costs. Memorandum: Special Term's judgment annulling the Zoning Board's determination denying petitioner's application for a special exception permit and directing the Board to issue the permit should be affirmed (see, Green v Lo Grande, 96 AD2d 524). Petitioner's business is a permitted special use contemplated under the village ordinance. As such, it is tantamount to a legislative finding that the use is in harmony with the general zoning plan and will not adversely affect the neighborhood (Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 243-244). Under the circumstances the denial of petitioner's application was arbitrary and capricious.

We find that the service of the petition upon Harold Carpenter was proper. In our view the letter signed by the Zoning Board members dated April 3, 1984 does not constitute a letter of resignation but merely expresses what the signatories consider to be in the best interest of the village (see, Matter of Vescio v City Manager of City of Yonkers, 69 Misc 2d 68, affd 41 AD2d 833). Moreover, since there is no proof that the purported letter of resignation was delivered or filed with the Clerk in compliance with the statute (Public Officers Law § 31), there is no valid resignation as a matter of law (Matter of Burke v Van Buskirk, 47 AD2d 965; Matter of Brescia v Mugridge, 52 Misc 2d 859, affd 29 AD2d 632). (Appeal from judgment of Supreme Court, Jefferson County, Miller, J.—art 78.) Present—Dillon, P. J., Hancock, Jr., Callahan, Pine and Schnepp, JJ.