In the Matter of JOSEPH PETRELLA, Respondent, v RITA SIEGEL, as President of Community School Board District 28, et al., Appellants.

Second Department, March 21, 1988

APPEARANCES OF COUNSEL

*Peter L. Zimroth, Corporation Counsel (Stephen J. McGrath and Linda H. Young* of counsel), for appellants.

*Joel Field* for respondent.

### OPINION OF THE COURT

Per Curiam.

The Supreme Court, Queens County, properly determined that the petitioner, a Community Superintendent, is a public officer. The Community Superintendent is referred to in both the Education Law and in the petitioner's contract of employment as the chief executive officer of the community school board and the educational system *(see,* Education Law § 2590-f [1]; § 2566 [1]). Furthermore, although the petitioner is employed pursuant to a contract, his position is created, and his powers and duties are prescribed, by statute *(see,* Education Law § 2590-e [1] [a]; § 2590-f [1]; *cf., Matter of County of Suffolk v State of New York,* — AD2d — [3d Dept, Mar. 10, 1988]). Finally, and most importantly, a Community Superintendent is vested with certain powers which he may exercise independently of the community school board and without the board's approval *(see,* Education Law § 2573 [1], [6]; § 2590-j [7] [b], [d]; [8]; *Matter of Taylor v Berberian,* 61 NY2d 613). Thus, the Community Superintendent is a public officer *(see, Matter of O'Day v Yeager,* 308 NY 580; *Matter of Hansell v City of Long Beach,* 61 AD2d 84; *Matter of Haller v Carlson,* 42 AD2d 829), and his resignation must be in writing (Public Officers Law § 31 [2]; *Matter of Burke v Van Buskirk,* 47 AD2d 965).

There being no indication that the petitioner submitted a written resignation, the resolutions of the community school board whereby it purportedly accepted the petitioner's resignation and terminated his employment as Community Superintendent were properly annulled.

BRACKEN, J. P., RUBIN, SPATT and BALLETTA, JJ., concur.

Ordered that the judgment is affirmed, without costs or disbursements.