(October 17, 1994)

In the Matter of CAROL A. SCRIVEN, Respondent, v THOMAS WADE et al., Constituting the Rensselaer County Board of Elections, et al., Respondent, and PAUL J. MINBIOLE et al., Appellants. [617 NYS2d 402] —Per Curiam. Appeal from an order of the Supreme Court (Spain, J.), entered October 11, 1994 in Rensselaer County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Paul J. Minbiole as the Republican Party candidate for the office of Town Clerk of the Town of Brunswick in the November 8, 1994 general election.

In November 1993, Joan Rasmussen was elected as the Town Clerk of the Town of Brunswick, Rensselaer County, for a term expiring on December 31, 1995. Thereafter, on or about July 28, 1994, Rasmussen authored a letter of resignation, addressed to the Town Supervisor and the Town Board, in which she stated her intent to resign from her office effective August 26, 1994. According to Rasmussen, she filed a copy of

this letter with her office. Rasmussen also authored a letter to respondents Thomas Wade and Herbert Bauer, the Commissioners for the Rensselaer County Board of Elections, advising them of her resignation effective August 26, 1994.

Notwithstanding Rasmussen's stated intent to resign effective August 26, 1994, she continued to act as Town Clerk, performing such official functions as issuing licenses, approving payment of a telephone bill and swearing in a Deputy Town Clerk, up to and including September 6, 1994. Following the primary election on September 13, 1994, a Republican Party caucus was held and respondent Paul J. Minbiole was nominated as the Republican Party candidate for the office of Town Clerk. Minbiole's certificate of nomination was filed with the Board of Elections on September 23, 1994. Thereafter, on September 26, 1994, petitioner, the Democratic Party candidate for the office of Town Clerk, filed general objections and specifications to Minbiole's certificate of nomination. Following a split vote by the Board of Elections, Minbiole's certificate of nomination was deemed valid.

Petitioner thereafter commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate Minbiole's certificate of nomination upon the ground that it was not filed in a timely manner pursuant to Election Law § 6-158 (6). Respondents' answer contained a counterclaim and cross claim alleging that Rasmussen's resignation was ineffective and that no vacancy in the office had in fact occurred. Following a hearing, Supreme Court determined that Rasmussen's resignation was valid and effective, that a vacancy indeed occurred in the office of Town Clerk and that Minbiole's certificate of nomination was untimely. This appeal by Minbiole and respondents Patrick E. Poleto, Stephen H. Bobarakis, Jr., Philip H. Herrington and Darrin T. Ocke (hereinafter collectively referred to as respondents) ensued.

There must be a reversal. Town Law § 26 directs that the resignation of town officers be accomplished in accordance with the provisions of Public Officers Law § 31. Pursuant to Public Officers Law § 31 (1) (g), town officers are to direct their resignations to the town clerk. Respondents, noting that Rasmussen indeed is a "town officer" (see, Town Law § 20), contend that Public Officers Law § 31 (1) (g) permitted Rasmussen to resign to herself. We cannot agree.

The Public Officers Law governs, *inter alia,* the appointment and qualification of public officers (see, Public Officers Law art 2) and the manner in which resignations may be tendered and

vacancies filled (see, Public Officers Law art 3), and it is apparent that the guidelines imposed thereunder are designed not only to establish orderly procedures but to safeguard the public trust placed in such officers. That being the case, we simply cannot accept that the Legislature intended to permit a town clerk to accept his or her own resignation. In this regard, we note that Public Officers Law § 31 (4) provides that "[a] resignation delivered or filed pursuant to this section * * * may not be withdrawn, cancelled, or amended except by consent of the officer to whom it is delivered or the body with which it is filed". Permitting a town clerk to resign to herself under Public Officers Law § 31 (1) (g), and then vesting her with the discretion to withdraw, cancel or amend her resignation at any time she deems appropriate pursuant to Public Officers Law § 31 (4), not only leads to the confusion that resulted in this proceeding but opens the door for potential self-dealing and fraud (see, 1975 Atty Gen [Inf Opns] 339).[1]

In short, reading Public Officers Law § 31 as a whole, we are of the view that a town clerk may not resign to himself or herself but, instead, must resign to the Secretary of State in accordance with Public Officers Law § 31 (1) (k) ("every other elective officer, where not otherwise provided by law, [may resign his or her office] to the secretary of state"). As there is no indication that Rasmussen followed this procedure, no resignation occurred (see generally, Wahl v Zoning Bd. of Appeals, 115 AD2d 956) and, hence, no vacancy exists in the office of Town Clerk.[2] Accordingly, Supreme Court's order must be reversed and the petition dismissed. In light of this conclusion, we need not address the remaining arguments advanced by the parties.

Mercure, Crew III, Casey and Peters, JJ., concur.

---

1. We acknowledge that Town Law § 26 permits any town officer to resign to the town clerk in the manner set forth in Public Officers Law § 31. Again, however, we do not believe that the Legislature reasonably could have intended to include town clerks in this regard. Notably, although a town clerk is required to notify the county clerk of a vacancy occurring in any town office, when such vacancy exists in the office of the town clerk, it is the town supervisor who must make the required notification (see, Town Law § 30 [4]). In our view, if the Legislature elected to require someone other than a town clerk to notify the appropriate authorities of a vacancy in that office, it certainly could not have intended to permit a town clerk to accept his or her own resignation.

2. We note in passing that the mere fact that Rasmussen ceased to act as Town Clerk on September 6, 1994 and thereafter retired effective September 10, 1994 did not create a vacancy in the office of Town Clerk (see, Public Officers Law § 30 [setting forth the manner in which a vacancy is created]).

Cardona, P. J. (dissenting). I respectfully dissent. Public Officers Law § 31 in pertinent part provides: "1. Public Officers *may* resign their offices as follows: * * * g. *Every* town officer, to the town clerk" (emphasis supplied).

In my opinion, as a town officer *(see,* Town Law § 20 [5]), Joan Rasmussen was entitled to rely on the plain wording of the statute to effect her resignation and properly did so when she filed a copy of her resignation letter in the official repository within the Brunswick Town Clerk's office where resignations by Town officials are kept. Although not necessary, she also notified the chief executive officer of the Town and the Town Board. Her letter of resignation was clear that the effective date of her resignation was August 26, 1994. While I agree with the majority that the better practice may be to require a town clerk to resign to someone other than herself, in order to avoid self-dealing which is not present in this case, I do not share my colleagues' view that we can simply read such a requirement into the statute when the Legislature has not seen fit to enact it *(see, Mollahan v Village of Port Washington N.,* 153 AD2d 881, 884, *lv denied* 76 NY2d 707). "The court must read statutes as they are written and, if the consequences seem unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts" *(supra,* at 884).

Furthermore, I cannot reconcile the majority's finding that no vacancy exists in the office of Town Clerk with evidence in the record indicating that the Town Board acted upon Rasmussen's resignation by appointing respondent Paul J. Minbiole to the Town Clerk position on September 19, 1994, in advance of his nomination as a candidate for that office in the November 8, 1994 election. The record amply supports Supreme Court's finding that Rasmussen's resignation became effective on August 26, 1994. The duties she performed after the effective date of her retirement were merely those of a holdover officer or *de facto* town clerk *(see,* Public Officers Law § 5). As such, all of her actions in that capacity were perfectly legitimate *(see, Matter of Ause v Regan,* 59 AD2d 317, 321-322; *Matter of Vescio v City Mgr. of City of Yonkers,* 69 Misc 2d 68, 73-74, *affd* 41 AD2d 833; *Matter of Frangella v Albany County Legislature,* 59 Misc 2d 1057, 1062). Ms. Rasmussen's resignation created a vacancy in the office of the Town Clerk (Public Officers Law § 30 [1] [b]) as of August 26, 1994.

Election Law § 6-158 (6) states, in pertinent part, that: "A certificate of a party nomination made other than at the

primary election for an office to be filled at the time of a general election shall be filed not later than seven days after the fall primary election, except that a certificate of nomination for an office which becomes vacant after the seventh day preceding such primary election shall be filed not later than fourteen days after the creation of such vacancy". Pursuant to this section, the certificate of nomination naming Minbiole as the Republican Party candidate for the office of Town Clerk had to be filed by September 20, 1994. Since the certificate of nomination was filed on September 23, 1994, Supreme Court correctly found that the filing was untimely. Accordingly, I would affirm Supreme Court's order.

Ordered that the order is reversed, on the law, without costs, respondents' counterclaim and cross claim granted, and petition dismissed.