John D. Bollenbach, Esq. Informal Opinion No. 99-28 Florida Fire District Attorney 757 Seward Highway Florida, New York 11509
Dear Mr. Bollenbach:
You have inquired as to the status of the Florida Fire District's Fire Commissioners following an election held on December 8, 1998. You have provided us with the following facts.
On November 18, 1998, nominating petitions were filed naming Commissioner A as a candidate for election to a five-year term of office commencing January 1, 1999 and ending December 31, 2003. At the time of the nomination, Commissioner A, an incumbent, believed, as did the other Fire District officials, that his term was expiring December 31, 1998. Commissioner A was the only candidate for whom nominating petitions were filed. Shortly before the election, another incumbent, Commissioner B, discovered correctly that it was his term which expired December 31, 1998 and that Commissioner A's term did not expire until December 31, 1999. At the election, 17 ballots were cast for Commissioner A, and 9 write-in ballots were cast for Commissioner B.
After the election, Commissioner A learned that he had one year remaining on his term. At the District's meeting held on January 5, 1999, Commissioner A orally resigned from the Commissionership in which he had been an incumbent and accepted the Commissionership to which he had been elected at the December 1998 election. He did not file a written resignation. Commissioner B was then appointed by the District's Board of Fire Commissioners to fill the balance of Commissioner A's prior term, which will expire on December 31, 1999. We conclude that the election was a nullity; Commissioner A should complete his term and Commissioner B is a holdover.
It will be assumed in rendering this opinion that all procedural elements of Town Law article 11 relevant to the election of fire district commissioners were complied with.
Commissioner A had no right to be a candidate at the December 1998 election. The Attorney General previously has concluded that a member of a board of fire commissioners who is serving a term which will not expire for more than a year is not eligible to be nominated for office for a five-year term and his election under such circumstances is a nullity. 1970 Op Atty Gen 52. The rationale for this conclusion is that it is against public policy to permit an incumbent commissioner to be elected to another board position for the purpose of extending his term of office and, upon assuming such office, thereby acquire the power along with the other commissioners pursuant to Town Law § 176(3) to fill the vacancy created by his action. In that opinion, the Attorney General cited Peoplev. Purdy, 154 N.Y. 439 (1897), for the principle that
 a public statute relating to the qualifications of public officers should never be so construed as to produce inconvenience or to promote a public mischief or to render an action of the voters at the election abortive. 154 N Y at 442.
In our view, it is irrelevant that Commissioner A became a candidate upon the erroneous assumption that his term of office had expired. The basis for the prohibition is not affected by this factor. Accordingly, we conclude that Commissioner A was not eligible to run for a new five-year term at the December 1998 election when his current term was not due to expire for more than one year and that his election was a nullity.
Commissioner A should complete his term. The oral resignation by Commissioner A was ineffective. Public Officers Law § 31(2) requires that "[e]very resignation shall be in writing addressed to the officer or body to whom it is made." The method of resigning prescribed in the statute is exclusive. Burke v. Van Buskirk, 47 A.D.2d 965, 966 (3d Dept 1975). Therefore, Commissioner A's purported resignation was ineffective, and he continues to serve as a Commissioner in the term which expires December 31, 1999.
We further conclude that Commissioner B also was not elected to the position of Commissioner in the December 1998 election. Commissioner B received 9 votes to Commissioner A's 17 votes. Although Commissioner A was ineligible to run for the position, Commissioner B did not win merely because he was the only remaining eligible candidate. It is the rule in this State that
 no one may be declared elected unless he receives a majority or plurality of the legal votes cast at an election. That such a plurality or majority of the votes were cast for an ineligible candidate does not result in the election of the candidate receiving the next highest number of votes. Matter of Foley v. McNab, 42 Misc.2d 460, 462 (Sup Ct Suffolk Co 1964), citing People ex rel. Furman v. Clute, 50 N.Y. 451, 465 (1872).
Further, Commissioner B's appointment to the remaining year of Commissioner A's term was a nullity, because Commissioner A never validly resigned from that position.
Therefore, the December 1998 election must be deemed a nullity, and Commissioner B's office became vacant on January 1, 1999. As incumbent, Commissioner B holds over in office until the District board chooses a successor pursuant to Town Law § 176(3). Public Officers Law §5; see, 1961 Op Atty Gen 215. Pursuant to section 176(3), the District Board may appoint a qualified person to fill that position, who will serve until December 31, 1999. At the December 1999 election, the voters must elect a candidate for the balance of the five-year term. A second ballot must also be held in December 1999 to fill Commissioner A's position, because his term expires on December 31, 1999.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General